FILED
August 27, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004409897

**11**

1 | HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
2 | CHRISTIAN D. JINKERSON, CSB NO. 232143
KALEB L. JUDY, CSB NO. 266909
3 | KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4 | 5260 N. Palm Avenue, Suite 201
Fresno, California 93704
5 | Telephone: (559) 438-4374
Facsimile: (559) 432-1847
6 | Email: hbedoyan@kleinlaw.com; jeaton@klienlaw.com

7 | Proposed Attorneys for Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JOHN VISSER and GRACE VISSER<br><br>Debtors-In-Possession. | Lead Case No. 12-17310-A-11<br>(Proposed)<br><br>Chapter 11<br>DC No.: KDG-4<br><br>(Proposed to be) jointly administered with: |
| In re:<br><br>JOHN VISSER DAIRY, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17311-A-11<br>DC No.: KDG-4 |
| In re:<br><br>VISSER RANCH TRANSPORT, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17312-A-11<br>DC No.: KDG-4 |
| In re:<br><br>DAIRYMAN'S CALF RANCH, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17313-A-11<br>DC No.: KDG-4 |
| In re:<br><br>LARIAT DAIRY, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17314-A-11<br>DC No.: KDG-4 |

| | |
|---|---|
| In re:<br><br>GRACELAND DAIRY, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17315-A-11<br>DC No.: KDG-4 |
| In re:<br><br>VISSER RANCH, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17316-A-11<br>DC No.: KDG-4 |
| In re:<br><br>VISSER FARMS,<br><br>Debtor-In-Possession. | Case No. 12-17336-A-11<br>DC No.: KDG-4 |

■ <u>Affects all Debtors</u>

□ Affects John Visser and Grace Visser only

□ Affects John Visser Dairy, Inc., only

□ Affects  Visser Ranch Transport, Inc., only

□ Affects Dairyman's Calf Ranch, Inc., only

□ Affects Lariat Dairy, Inc., only

□ Affects Graceland Dairy, Inc., only

□ Affects Visser Ranch, Inc., only

□ Affects Visser Farms, only

Emergency Hearing Date: August 28, 2012
Emergency Hearing Time:  1:30 p.m.
Final Hearing Date:  To be set
Final Hearing Time: To be set
Place:    United States Bankruptcy Court
              2500 Tulare Street, Fifth Floor
              Department A, Courtroom 11
              Fresno, California
Judge:    Honorable Fredrick E. Clement

## MOTION FOR ORDER DIRECTING
## <u>JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>

TO THE HONORABLE FREDRICK E. CLEMENT, U.S. BANKRUPTCY JUDGE:

John and Grace Visser, ("the Vissers") and John Visser Dairy, Inc., Graceland Dairy,

Inc., Visser Ranch, Inc., Visser Ranch Transport, Inc., Lariat Dairy, Inc., Dairyman's Calf

Ranch, Inc., and Visser Farms (collectively "the Visser Entities") move the court for an order

directing joint administration of their Chapter 11 cases and represent:

## I.  INTRODUCTION

F.R.B.P. 1015(b) permits joint administration of cases involving affiliated debtors when the affairs of the affiliates are sufficiently intertwined to make joint administration more efficient and economical than the administration of separate cases.

Here, the Court should order the joint administration of the Vissers' and the Visser Entities' Chapter 11 cases because (1) the Vissers and the Visser Entities are affiliates, (2) the Vissers and the Visser Entities are engaged in a common enterprise, (3) the Vissers and the Visser Entities have common creditors, (4) the Vissers and the Visser Entities are co-borrowers on, have guaranteed and/or cross-collateralized significant amounts of debt, (5) the Vissers and the Visser Entities are represented by Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP[1] ("Klein, DeNatale") and have engaged other professionals[2] to assist all of them; and (6) joint administration of the Vissers and the Visser Entities' Chapter 11 cases would be efficient and economical for all parties involved.

## II.  FACTUAL BACKGROUND

1.      John and Grace Visser are individuals residing in Visalia, California.  The Vissers commenced their Chapter 11 case by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code on August 24, 2012.  The Vissers are the settlors, trustees, and beneficiaries of the "John and Grace Visser Revocable Family Trust" ("the Vissers' Trust"). The Trust owns 100 percent of the outstanding shares of the Visser Entities, except for Visser Farms, including John Visser Dairy, Inc., Graceland Dairy, Inc., Visser Ranch, Inc., Visser Ranch Transport, Inc., Lariat Dairy, Inc., and Dairyman's Calf Ranch, Inc.  John and Grace Visser are the sole partners of Visser Farms.  The Trust also owns the real property on which the Visser Entities operate.

2.      John Visser Dairy, Inc., is a California corporation (taxed under subchapter "S") formed in late 2005.  It operates in Hanford, California, as a dairy with a milking herd of about 3,600 cows and total livestock of about 7,000 animals.  John Visser Dairy owns its dairy herd

---

[1]  Motions for orders authorizing the employment of Klein, DeNatale as general bankruptcy counsel will be filed shortly.

[2]  Debtors intend to file motions for orders authorizing employment of Frazer, LLP as their accountants Moss, Tucker, Chiu, Hebesha & Ward, P.C. ("Moss, Tucker") as general non-bankruptcy and special counsel and George Demos and Glass Ratner Advisory and Capital Group, LLC, as their financial consultants.

and operating equipment. John Visser Dairy leases the facility on which it operates from the Vissers' Trust. John Visser Dairy filed a Voluntary Petition under Chapter 11 on August 24, 2012.

3. Graceland Dairy, Inc., is a California corporation (taxed under subchapter "S") formed in late 2007. It operates in Tulare, California, as a dairy with a milking herd of about 3,000 cows and total livestock of about 6,000 animals. Graceland Dairy owns its dairy herd and operating equipment. Graceland Dairy leases the facility on which it operates from the Vissers' Trust. It filed a Voluntary Petition under Chapter 11 on August 24, 2012.

4. Visser Ranch, Inc., is a California corporation (taxed under subchapter "S") formed in late 2005. It operates in Strathmore, California, as a calf ranch raising heifers and steers for, among others, John Visser Dairy and Graceland Dairy. Visser Ranch owns about 6,000 head of livestock and operating equipment. Visser Ranch leases the facility on which it operates from the Vissers' Trust. It filed a Voluntary Petition under Chapter 11 on August 24, 2012.

5. Visser Ranch Transport, Inc., is a California corporation (taxed under subchapter "S") formed in 1991. It operates in Tulare, California, as a trucking company hauling livestock, milk, and feed for the other Visser Entities. Visser Ranch Transport owns its own trucks and equipment. It filed a Voluntary Petition under Chapter 11 on August 24, 2012.

6. Lariat Dairy, Inc., is a Texas corporation (taxed under subchapter "S") formed in late 2005. It operates in Muleshoe, Texas, as a dairy with a milking herd of about 6,800 cows and total livestock of about 12,000 animals. Lariat Dairy owns its dairy herd and operating equipment. Lariat Dairy leases the facility on which it operates from the Vissers' Trust. Although, the principal place of business for Lariat Dairy is in Texas, venue in the Eastern District of California is proper under 28 U.S.C. § 1408(2) because Lariat Dairy is an affiliate of John and Grace Visser, whose case is pending in this district. Lariat Dairy filed a Voluntary Petition under Chapter 11 on August 24, 2012 in the Eastern District of California.

7. Dairyman's Calf Ranch, Inc., is a Texas corporation (taxed under subchapter "S") formed in late 2005. It operates in Muleshoe, Texas, as a calf ranch raising heifers and steers for, among others, Lariat Dairy. Dairyman's Calf Ranch owns about 3,200 head of

livestock and operating equipment.  Dairyman's Calf Ranch leases the facility on which it operates from the Vissers' Trust.  Although, the principal place of business for Dairyman's Calf Ranch is in Texas, venue in the Eastern District of California is proper under 28 U.S.C. § 1408(2) because Dairyman's Calf Ranch is an affiliate of John and Grace Visser, whose case is pending in this district.  Dairyman's Calf Ranch filed a Voluntary Petition under Chapter 11 on August 24, 2012 in the Eastern District of California.

8.    Visser Farms, a California general partnership consisting of John and Grace Visser as its two general partners, farms 40 acres of cherries, 78 acres of walnuts and 350 acres of almonds in California.  In addition it grows wheat on 480 acres in New Mexico.  The proceeds from these from these farming operations are used in the integrated operations of all of the Visser Entities.  Visser Farms owns its operating equipment.  Visser Farms leases the farmland from the Vissers' Trust.  Visser Farms filed a Voluntary Petition under Chapter 11 on August 26, 2012.

9.    All of the Visser Entities are headquartered in Strathmore, California.  John Visser and his son-in-law Brian Schaap oversee the operations of all of the Visser Entities.  Diana Timms is the controller for all of the Visser Entities.

**A. The Vissers and the Visser Entities have significant debts owed to each other.**

10.    The Visser Entities each regards the other entity as an affiliate.  Operationally, they share management, employees, and equipment.  They use combined financial statements.  They buy and sell significant amounts of goods and services to each other.

11.    The Vissers and the Visser Entities maintain "Zero Balance" bank accounts, whereby cash moves freely between their accounts (on a daily basis) in order to lower the amount of cash they need to borrow from institutional lenders.  This results in complex and ever-changing intercompany receivables, as reflected below.

12.    The Vissers, through their Trust, owe significant amounts of money to Visser Ranch Transportation, Lariat Dairy, Dairyman's Calf Ranch, and Visser Farms.

13.    John Visser Dairy owes significant amounts of money to Visser Ranch, the Vissers' Trust, Lariat Dairy, and Graceland Dairy.

14.    Graceland Dairy owes significant amounts of money to Visser Ranch and the Vissers' Trust.

15.    Visser Ranch owes significant amounts of money to the Vissers' Trust, John Visser Dairy, Lariat Dairy, Dairyman's Calf Ranch, and Visser Farms.

16.    Visser Ranch Transportation owes significant amounts of money to Visser Ranch and John Visser Dairy.

17.    Lariat Dairy owes significant amounts of money to Visser Ranch, Visser Ranch Transportation, the Vissers' Trust, John Visser Dairy, Graceland Dairy, and Dairyman's Calf Ranch.

18.    Dairyman's Calf Ranch owes significant amounts of money to Visser Ranch, the Vissers' Trust, and John Visser Dairy.

19.    Visser Farms owes a significant amount of money to the Vissers' Trust.

20.    Additionally, the Visser Entities all operate on real property owned by the Vissers' Trust, and all pay rent to the Trust.

**B. The Vissers and the Visser Entities have common major creditors.**

21.    The Vissers' Trust and several of the Visser Entities, including John Visser Dairy, Graceland Dairy, and Visser Ranch, are borrowers on various secured promissory note in favor of Farm Credit West, FCLA ("Farm Credit West Note") in the approximate amount of $32.7 million.  The Farm Credit West Note is secured by a first deed of trust against the real property owned by the Vissers' Trust and a "blanket" security interest in all of the personal property owned by John Visser Dairy, Graceland Dairy and Visser Ranch.

22.    The Vissers and the Visser Entities are all borrowers on approximately $64.5 million in various loans with Wells Fargo Bank. These loans are secured by substantially all of the Vissers' and the Visser Entities' assets including second and third deeds of trust against the real property and a "blanket" security interest in all personal property owned by the Vissers and the Visser Entities.

///

///

///

### C. The Vissers and the Visser Entities share professionals.

23.    The Vissers and the Visser Entities will move the court for approval of their engagement of Klein, DeNatale as their attorneys to represent them in their Chapter 11 cases. The Vissers and the Visser Entities will move the court for approval of their engagements of the accounting firm of Frazer, LLP, for accounting, consulting and tax services and the engagement of George Demos and GlassRatner Advisory & Capital Group, LLC, as their financial advisors.  The Vissers will move the court for approval of their engagement of Moss, Tucker as general, non-bankruptcy counsel and special counsel.

24.    The Visser Entities share common management: John Visser is the President of each entity and the Vissers are the shareholders of each entity.  The Vissers are also the only two general partners of Visser Farms.

25.    The Vissers' and the Visser Entities' affairs are sufficiently intertwined to make joint administration more efficient and economical than the separate administration of the cases.  Further, the Visser Entities will each be working with a similar set of creditors throughout the administration of their cases because their major creditors are the same.  Finally, the Visser Entities each have a significant interest in the other entities' success because of the co-ownership of assets, and the vertically integrated nature of the businesses.

26.    The Vissers and the Visser Entities will be able to jointly manage their administrative matters and share in the cost administration if their cases are jointly administered.  The Vissers and the Visser Entities will be able to prepare and file a Joint Disclosure Statement and Joint Plan of Reorganization.  Joint Administration will save the Bankruptcy Court substantial time and resources in handling one case as opposed to seven cases.  Creditors will save costs in dealing with one case as opposed to seven.  Also, Joint Administration will save the Vissers and the Visser Entities administrative costs associated with their Chapter 11 cases.

### III.    THE VISSERS AND THE VISSER ENTITIES ARE AFFILIATES

27.    The Vissers are clearly "affiliates" of each of the Visser Entities, as defined by 11 U.S.C. Section 101(2), because they own all of the stock in each of them.  Conversely, each of the Visser Entities is clearly an affiliate of the Vissers by the same standard.  And, common

ownership creates an affiliate relationship between entities under 11 U.S.C. Section 101(2)(B).
See *In re Lettick Typografic, Inc.* 103 B.R. 32, 39 (Bankr. D. Conn. 1989).  Thus, the Visser
Entities are affiliated with each other because the Vissers, through the Trust, own all of the
shares in each of the Visser Entities.

## IV.  THE VISSERS AND THE VISSER ENTITIES ARE ENGAGED IN A COMMON ENTERPRISE

28.     The Visser Entities are engaged in a common enterprise.  John Visser Dairy,
Graceland Dairy, and Lariat Dairy are all dairies.  Visser Ranch and Dairyman's Calf Ranch
house and raise calves for the dairies.  The dairies move cows and supplies using Visser Ranch
Transportation.  All the Visser Entities operate on land owned by the Vissers' Trust.  Visser
Farms raises crops, the proceeds for which are used in the consolidated operations of the Visser
Entities.  They freely move cash between the companies to offset the cash flow challenges
inherent in each facet of the dairy business.

## V.  JOINT ADMINISTRATION IS APPROPRIATE HERE

29.     F.R.B.P. 1015(b) permits the Court to order joint administration of cases
involving related entities, including a debtor and an affiliate.  See F.R.B.P. 1015(b)(4).  In such
situations, the affairs of the related debtors may be sufficiently intertwined to make joint
administration more efficient and economical than the separate administration of the cases.

30.     Joint administration of an estate involves handling two or more cases together
for administrative purposes and allows the Court to keep one docket. See *In re Coles*, 14 B.R. 5
(Bankr. E.D. Penn. 1981). Also, joint administration of cases allows pleadings which may be
filed in duplicate [i.e. one in each case] to be filed under one case number. See *In re N.S.
Garrott & Sons*, 63 B.R. 189 (Bankr. E.D. Alaska 1986). Furthermore, joint administration can
enhance the fair treatment of creditors in bankruptcy cases by ensuring that all creditors receive
notice of all matters filed or pending in the related cases.

31.     As set forth above at section III, the Vissers and the Visser Entities are all
"affiliates" of one another within the definition given by 11 U.S.C. Section 101(2).

32.     The Vissers' and the Visser Entities' affairs are sufficiently intertwined to make
joint administration more efficient and economical than the separate administration of the seven

cases. This is true because the Vissers and the Visser Entities are engaged in a common enterprise as described above. It is acceptable for legal counsel and professionals to be employed to assist debtors in multi-debtor and jointly administered cases. See 3 COLLIER ON BANKRUPTCY ¶ 327.04[5] (Alan N. Resnick & Henry Sommers eds. 16th ed.). The court should consider the efficiency and economy attendant to joint administration and the joint use of professionals. Further, the Vissers and the Visser Entities will each be working with a similar set of creditors throughout the administration of their cases because their major creditors are the same. Finally, the Vissers and the Visser Entities have a significant interest in the other entities' success because of the common debts and individuals controlling the entities.

33.    The Vissers and the Visser Entities will be able to jointly manage their administrative matters and share in the cost administration if their cases are jointly administered. The Vissers and the Visser Entities will be able to prepare and file a Joint Disclosure Statement and Joint Plan of Reorganization. Joint Administration will save the Bankruptcy Court substantial time and resources in handling one case rather than eight cases. Creditors will save costs in dealing with one case one case rather than eight cases. Also, Joint Administration will save the Vissers and the Visser Entities administrative costs associated with their Chapter 11 cases.

34.    The Exhibit "A" attached hereto represents a caption that can be used if the Motion is granted and the Chapter 11 cases are ordered to be jointly administered.

## VI.    CONCLUSION

It is appropriate for the court to order joint administration of the Chapter 11 cases filed by the Vissers and the Visser Entities because the debtors are affiliated, have significantly intertwined assets and liabilities, and joint administration will be more efficient and fair to all parties concerned than the separate administration of the cases. Furthermore, the joint administration of the Chapter 11 cases will avoid unnecessary costs and delays.

WHEREFORE, the Vissers and the Visser Entities pray for an order:

1.    Granting their *Motion For Order Directing Joint Administration of Chapter 11 Cases*;

2.    Providing that the cases filed by the Vissers and the Visser Entities are jointly administered;

3.    Providing that the first case filed, by the Vissers, case no.12-17310-A-11 is the lead case;

4.    Providing that all documents must be filed in the lead case;

5.    Providing that the caption attached as Exhibit "A" is approved and that all documents filed must include a substantially similar caption;

6.    Providing that documents filed in the lead case are deemed filed in each of the Visser Entities' cases; and

7.    Granting the Vissers and the Visser Entities such other and further relief as the Court deems just and proper.

Date: August 27, 2012

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
Hagop T. Bedoyan,
Jacob L. Eaton
Attorneys for Debtors-in-Possession

Exhibit "A"

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JOHN VISSER and GRACE VISSER, *et al.*,[3]<br><br><br>Debtors-In-Possession. | Lead Case No. 12-17310-A-11<br><br>Chapter 11<br><br>DC No.:<br><br>Jointly Administered with:<br>    Case No. 12-17311<br>    Case No. 12-17312<br>    Case No. 12-17313<br>    Case No. 12-17314<br>    Case No. 12-17315<br>    Case No. 12-17316<br>    Case No. 12-17336 |
| This Filing Applies to:<br><br>■ All Debtors<br><br>□ Specific Case(s): | Date:<br>Time:<br>Place:    United States Bankruptcy Court<br>    2500 Tulare Street, Fifth Floor<br>    Department A, Courtroom 11<br>    Fresno, California<br>Judge:    Honorable Fredrick E. Clement |

[3] Jointly administered debtors and case numbers are: John Visser Dairy, Inc., Case No. 12-17311; Visser Ranch Transport, Inc., Case No. 12-17312; Dairyman's Calf Ranch, Inc., Case No. 12-17313; Lariat Dairy, Inc., Case No. 12-17314; Graceland Dairy, Inc., Case No. 12-17315; Visser Ranch, Inc., Case No. 12-17316; Visser Farms, Case No. 12-17336.